THE POLYNESIA.[1]

KLIPSTEIN v. THE POLYNESIA.

*(District Court, E. D. New York.   January 4, 1887.)*

1. CARRIERS—OF GOODS BY VESSEL—DAMAGE TO CARGO—PRESUMPTION AS TO UNDAMAGED PORTION OF CARGO.
    Proof that some part of a cargo endured the voyage without damage does not raise the presumption that damage to another part of the same cargo during the same voyage was occasioned by bad stowage.

2. SAME — BILL OF LADING — EXCEPTION—PERILS OF THE SEA—STATEMENT OF CASE.
    Casks of indigo auxiliary, belonging to libelant, were injured during a voyage in the steam-ship P.   Other casks in the same tier, similarly stowed, were uninjured.   The bill of lading excepted damage from perils of the sea.   Claimant proved the encountering by the ship of weather sufficiently heavy to warrant the conclusion that the cause of damage was the motion of the ship. *Held,* that libelant could not recover, if the cause of the damage was weakness in the casks.   If the cause was strain resulting from the motion of the ship, the exception in the bill of lading would relieve the ship from liability, in the absence of proof of bad stowage.   Libelant did not prove bad stowage. *Held,* therefore, that he could not recover.

In Admiralty.

*George A. Black,* for libelant.

*Ullo, Ruebsamen & Hubbe,* for claimants.

BENEDICT, J.   This is an action to recover for failure to deliver two barrels of indigo auxiliary according to the bill of lading.   The libelant proved a shipment of 14 barrels, containing indigo auxiliary, under an ordinary bill of lading, containing an exception of perils of the seas, and that, on arrival, two of the barrels were found to be broken, and the contents damaged.   The claimant proved the encountering by the ship during the voyage of weather sufficiently heavy to warrant, in my opinion, the conclusion that the immediate cause of the breakage of the barrels in question was the motion of the ship in the heavy weather.   This proof from the claimant shifted the burden to the libelant, to show that this result of the motion of the ship would have been prevented by the exercise of due care in the stowage of the casks.   *Clarke* v. *Barnwell,* 12 How. 272.

At the trial it was contended that the libelant must recover, because the claimant had not shown that the ship encountered weather sufficiently heavy to cause well-stowed casks to break loose; but, on the contrary, from the fact that the other casks in the same tier did not break loose, it appeared that the weather encountered was not sufficiently heavy to cause well-stowed casks to break loose.   I do not understand the law to be that proof that some part of a cargo endured the voyage without damage raises the presumption that damage to another part of the same cargo during the same voyage was occasioned by bad stowage.   Motion

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

of the ship sufficient to account for the damage being proved to have occurred during the voyage, the presumption, in absence of other proof, is that such motion caused the damage; and when the motion of the ship is shown to have been caused by the sea, the exception of the bill of lading exempts the ship, unless bad stowage be proved. The testimony in this case as to the sea is clearly sufficient to raise the inference that it was the sea that caused the damage to these casks. Such being the inference, the burden of proving insufficient stowage of those two casks is upon the libelant; and this burden is not met by proving that other casks in the same tier, along-side the two that were broken, were not disturbed by the sea. Cargo is never stowed so as to be immovable. All cargoes move some under the strain of the ship's motion; but all parts of the cargo are not moved alike or subjected to the same strain when the ship moves in the sea. Here it appears that the 14 casks were second-hand petroleum barrels, filled with indigo auxiliary, a heavy substance; and the proof is that the 14 barrels were all stowed in one tier, running from side to side, and all were bedded and chocked alike and in the usual manner. Two, lying along-side each other, and not at the end of the tier, were smashed. All having been stowed alike, and it appearing that light cargo was stowed above them, it would seem that the breakage of those two casks must have arisen, either from the fact that the motion of the ship brought more strain on those two casks than on the others in the tier, or that those two casks were weaker than others, and insufficient to bear the strain which was successfully borne by the others. If the cause of the breaking of the casks was weakness in the casks, the libelant cannot recover. On the other hand, if the cause of the breaking was the strain resulting from the motion of the ship, the exception in the bill of lading relieves the ship from liability, in the absence of proof of bad stowage. The libelant called no witnesses to prove bad stowage, and the evidence drawn from the claimant's witnesses failed to prove it.

There is some testimony indicating that the indigo auxiliary which came out of the broken casks was not cared for as it might have been. But by the breaking of the casks their contents was thrown out into the hold, whence it could only be recovered by scraping it up and putting it into other casks. I judge the value of the contents was substantially destroyed when it was cast out in the hold by the breaking of the casks.

The libel must be dismissed.